```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
RAFAEL RODRIGUEZ,                       :
                                        :
                    Petitioner,         :  00 Civ. 401 (MBM)
                                        :  OPINION AND ORDER
         -against-                      :
                                        :
FLOYD BENNETT, Superintendent,          :
Elmira Correctional Facility,           :
                                        :
                    Respondent.         :
---------------------------------------X
```

APPEARANCES:

RAFAEL RODRIGUEZ
(Petitioner pro se)
DIN 93A0620
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024

ROBERT M. MORGENTHAU, ESQ.
District Attorney, New York County
MORRIE I. KLEINBART, ESQ.
Assistant District Attorney
(Attorneys for Respondent)
1 Hogan Place
New York, NY 10013
(212) 335-9000

MICHAEL B. MUKASEY, U.S.D.J.

Rafael Rodriguez petitions pro se pursuant to 28 U.S.C. § 2254 (2000) challenging his state court judgment of conviction, entered in October 1992, for murder in the second degree and attempted murder in the second degree. He challenges his confinement by the State of New York on the ground that he was denied a fair trial due to prosecutorial misconduct. Additionally, Rodriguez requests a stay of the instant habeas corpus proceeding as a result of his filing of a N.Y.C.P.L. § 44.10 motion to vacate the judgment of conviction in New York state court on the ground that he received ineffective assistance from trial counsel. In a Report and Recommendation ("the Report") dated January 12, 2006, Magistrate Judge Kevin Nathaniel Fox recommended that both Rodriguez's petition for a writ of habeas corpus and request for a stay of proceeding be denied. Rodriguez objects to the Report's findings.

For the reasons set forth below, Rodriguez's arguments for habeas corpus relief and for a stay of the current proceeding are without merit. Accordingly, the requested relief is denied and the petition is dismissed in its entirety.

I.

Familiarity with the Report is assumed for current purposes and only so much of the factual background as is

1

necessary to resolve Rodriguez's objections is set forth below.

Rodriguez was convicted of murder in the second degree and attempted murder in the second degree after a jury trial in New York State Supreme Court, New York County. (Rep. at 2) The New York State Supreme Court, Appellate Division, First Department affirmed Rodriguez's conviction on April 11, 1996. See People v. Rodriguez, 226 A.D.2d 177, 641 N.Y.S.2d 532 (1st Dept. 1996). In affirming the conviction, the Court stated that Rodriguez had

> failed to preserve his present challenges to the prosecutor's summation, and we decline to review them in the interest of justice. If we were to review, we would reject the claim that the prosecutor mischaracterized the defense, and also find that any improper suggestion of a propensity for violence was harmless in view of the overwhelming evidence of defendant's guilt.

Id. at 178. Rodriguez's application for leave to appeal to the New York Court of Appeals was denied on May 28, 1996. See People v. Rodriguez, 88 N.Y.2d 884 (1996).

On April 14, 1997, Rodriguez petitioned for a writ of habeas corpus. (Rep. at 2) On May 21, 1999, Rodriguez sought to withdraw that petition without prejudice so that he could exhaust state remedies with respect to his claims, and that request was granted on June 21, 1999. (Id.)

On November 22, 1999, Rodriguez submitted a second petition for a writ of habeas corpus. (Id.) This petition,

2

similar to his first, alleged that he was denied a fair trial because of prosecutorial misconduct. (Id.) In addition, the second petition alleged that Rodriguez was denied the effective assistance of appellate counsel and that the trial court erred in failing to suppress identification testimony obtained as the result of an unlawful search and arrest. (Rep. at 2-3)

Bennett moved to dismiss the second petition as time-barred under 28 U.S.C. § 2244(d). (Rep. at 3) Initially, the petition was found to be timely, Rodriguez v. Bennett, No. 00 Civ. 401, 2001 WL 682446, at *3 (S.D.N.Y. June 18, 2001), but it was soon thereafter dismissed as untimely in light of the United State Supreme Court's decision in Duncan v. Walker, 533 U.S. 167 (2001), which held that the tolling mandated by 28 U.S.C. § 2244(d)(2) applies only to state petitions for collateral relief. See Rodriguez v. Bennett, No. 00 Civ. 401, 2001 WL 940569, at *2 (S.D.N.Y. Aug. 20, 2001).

Rodriguez appealed this court's determination and the Second Circuit vacated the judgment and ordered this court to consider whether, under the circumstances, the limitations period should be equitably tolled for any of Rodriguez's claims during the pendency of his first petition. See Rodriguez v. Bennett, 303 F.3d 435, 439-40 (2d Cir. 2002). In response, this court determined that only Rodriguez's claim of prosecutorial misconduct was timely filed. Rodriguez v. Bennett, No. 00 Civ.

3

401, 2005 WL 273263, at *6 (S.D.N.Y. Jan. 27, 2005). Now this court will evaluate the merits of Rodriguez's petition for a writ of habeas corpus based upon prosecutorial misconduct.

Additionally, on December 8, 2005, Rodriguez informed this court that he had filed a motion to vacate his judgment of conviction pursuant to N.Y.C.P.L. § 440.10, on the ground that he received ineffective assistance from his trial counsel. (Rep. at 6) Rodriguez requests a stay of his habeas corpus proceeding before this court pending the resolution of his motion to vacate the judgment of conviction in New York state court.

II.

A district court reviewing a magistrate judge's report and recommendation follows the standard established in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The district court judge must make a de novo determination of those parts of the report to which timely written objection has been made by either party. Rodriguez objects to the Report in its entirety, thus the Report as a whole is reviewed de novo.

III.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, P.L. 104-132, 110 Stat 1214 (1996), a federal court

4

may grant habeas corpus relief to a state prisoner on a federal claim only if that federal claim was "adjudicated on the merits" in state court. 28 U.S.C. § 2254(d). A federal claim is not adjudicated on the merits if the state court's determination of the issue "rests on a state law ground that is independent of the federal question and adequate to support the judgment." See Coleman v. Thompson, 501 U.S. 722, 729 (1991). Generally, a federal court cannot review a state court judgment of conviction when that judgment was based upon a state procedural default, such as a failure to preserve an issue for review. See id.; Lee v. Kemna, 534 U.S. 362, 376 (2002) (generally, a "firmly established and regularly followed" state procedural rule is an independent and adequate state ground sufficient "to foreclose review of a federal claim").

"In particular, a state court procedural default will bar habeas review when 'the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'" Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) (quoting Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996)). Further, federal habeas review is barred when, as in the present case, the state court expressly relies on a procedural default as an independent and adequate state law ground, but also rules hypothetically on the merits of the federal claim. Glenn, 98 F.3d at 724; Green, 414 F.3d at 294.

Respondent argues that the Appellate Division's ruling that Rodriguez's claim was unpreserved for appellate review constitutes an "adequate and independent" state law ground that precludes federal habeas review of Rodriguez's claim. N.Y.C.P.L. § 470.05 "require[s], at the very least, that any matter which a party wishes the appellate court to decide have been brought to the attention of the trial court at a time and in a way that gave [the trial court]] the opportunity to remedy the problem and thereby avert reversible error." People v. Luperon, 85 N.Y.2d 71, 78, 623 N.Y.S.2d 735 (1995). Under New York law, a defendant must alert the court of any prosecutorial misconduct during summation, as Rodriguez alleges here, at the time such misconduct takes place in order to preserve that claim for appellate review. See, e.g. People v. Copeland, 816 N.Y.S.2d 264, 265, 2006 N.Y. Slip Op. 04576 (4th Dept. 2006); People v. Garner, 27 A.D.3d 764, 764, 815 N.Y.S.2d 614 (2nd Dept. 2006). Further, the Second Circuit has "observed and deferred to New York's consistent application of its contemporaneous objection rules." Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1990); see also Fernandez v. Leonardo, 931 F.2d 214, 216 (2d Cir. 1991) (noting that failure to make objection at trial constitutes adequate procedural default under N.Y.C.P.L. § 470.05).

Rodriguez does not dispute that he did not present his prosecutorial misconduct claim to the trial court. Given this

omission, the argument was subject to the New York procedural bar, his federal claim was decided on an independent and adequate state law ground, and, thus, that claim was not adjudicated on the merits. Because Rodriguez's federal claim was not adjudicated on the merits, his petition for a writ of habeas corpus must fail.

However, a claim that was decided on an independent and adequate state law ground may be reviewed on a federal habeas corpus petition if petitioner can show either cause for the default and a resulting prejudice or that a failure to consider the claim will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. Rodriguez does not allege cause and prejudice; thus, his claim will be heard only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). To establish actual innocence, Rodriguez must demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of all the evidence. Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002). Rodriguez does not allege that he is actually innocent nor does he demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of all the evidence. Accordingly, I deny Rodriguez's petition for a writ of habeas corpus.

IV.

I deny also Rodriguez's request for a stay of the current proceeding while he attempts to exhaust a new claim for habeas corpus relief in New York state court.

Because Rodriguez is seeking eventually to present an additional issue -- the alleged ineffective assistance of his trial counsel -- as a part of his petition for a writ of habeas corpus, he is seeking to amend the petition currently before this court. The standard for granting or denying a motion to amend a habeas petition is "governed by Federal Rule of Civil Procedure 15(a)." Littlejohn v. Aruz, 271 F.3d 360, 363 (2d Cir. 2001). "[A]lthough Rule 15 requires that leave to amend be 'freely given,' district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." Id.

Rodriguez did not seek leave from this court to amend his habeas corpus petition to include his unexhausted ineffective assistance of trial counsel claim as required by Littlejohn and Fed. R. Civ. P. Rule 15. Even if Rodriguez had moved to amend his petition, I would deny his motion. Over 15 years have elapsed since Rodriguez's judgment of conviction was entered, and he has provided no explanation as to why he failed to raise this claim in the relevant state courts during that period.

Additionally, Rodriguez has not presented any new facts

8

to demonstrate that the basis for his ineffective assistance of trial counsel claim was not known or otherwise unavailable to him when he filed his two petitions for a writ of habeas corpus, nor has he shown that he was prevented from raising such a claim at an earlier stage of the case. Cf. Rodriguez v. Portunodo, No. 01 Civ. 547, 2003 WL 22966293, at * 2 (S.D.N.Y. Dec. 15, 2003) (holding amendment and stay of habeas corpus petition warranted where petitioner claimed to discover new evidence giving rise to new claim): Whelan v. Bank United of Texas, No. 97 Civ. 0479, 1999 WL 285502, at *2 (S.D.N.Y. May 6, 1999) (holding that court may deny motion to amend "when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay."). Thus, Rodriguez is denied leave to amend his petition for a writ of habeas corpus because he has been inexcusably dilatory. See Littlejohn, 271 F.3d at 363. Because Rodriguez may not amend his petition for a writ of habeas corpus to include an ineffective assistance of counsel claim, the current proceeding will not be stayed while the New York state courts determine his motion to vacate the judgment of conviction.

        \*                        \*                        \*

For the above reasons, the writ will not issue and Rodriguez's petition is dismissed. Further, Rodriguez will not be permitted to amend his petition for a writ of habeas corpus to include a claim for ineffective assistance of trial counsel, and the current proceeding will not be stayed. Furthermore, a certificate of appealability will not issue because reasonable jurists could not conclude that Rodriguez's petition should have been resolved in a different manner and because the issues presented are not "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

SO ORDERED:

_[signature]_

Michael B. Mukasey
U.S. District Judge

Dated: New York, New York
July 25, 2006